UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
GEOFFREY D. WELSH,

                                Plaintiff,

        -v-                                         6:14-CV-1423
                                                    (DNH/ATB)
ROME MEMORIAL HOSPITAL, INC.,

                                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                OF COUNSEL:

OFFICE OF JAMES D. HARTT                     JAMES D. HARTT, ESQ.
Attorney for the Plaintiff
70 Linden Oaks, 3rd Floor
Rochester, New York 14625

HANCOCK, ESTABROOK LAW FIRM                  ROBERT J. THORPE, ESQ.
Attorneys for the Defendant                  ROBERT C. WHITAKER, ESQ.
1500 AXA Tower I
100 Madison Street, Suite 1500
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On November 24, 2014, plaintiff Geoffrey D. Welsh ("plaintiff" or "Welsh") filed this action

against defendant Rome Memorial Hospital, Inc. ("defendant" or "Rome Memorial") alleging

disability discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.

§ 12101, *et seq.* ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

("Title VII"). See Complaint. Plaintiff seeks compensatory and punitive damages, along with

injunctive relief. Defendant has filed an answer, and the parties have completed extensive

discovery.

Currently pending is defendant's motion for summary judgment. The motion has been fully briefed and oral arguments were heard on June 10, 2016 in Utica, New York.

## II. **FACTUAL BACKGROUND**

The following facts, taken from the Complaint and the parties' statements pursuant to Northern District of New York Local Civil Rule 7.1(3), are undisputed unless otherwise indicated. Consideration has been given to whether the parties have proffered admissible evidence in support of their positions and the facts are viewed in the light most favorable to the nonmoving plaintiff.

Welsh was hired by Rome Memorial in 2002. See Pl.'s Rule 7.1 Statement, at ¶ 1. While employed at Rome Memorial, plaintiff worked as a scrub technician, operating room technician and surgical technician.

Welsh was first diagnosed with post traumatic stress disorder ("PTSD") in approximately July 2010. Id. at ¶ 45. In August 2010, plaintiff took leave from his position at Rome Memorial pursuant to the Family Medical Leave Act ("FMLA"). Id. at ¶ 9. On or about September 22, 2010, while plaintiff was still on leave, he entered the hospital to speak with a physician. Id. at ¶ 11. Defendant contends that plaintiff threatened to kill the physician and was behaving in an aggressive manner which alarmed employees. Plaintiff asserts while he did go to the hospital, no threats were issued, that he was not aggressive and left when directed. As a result of the incident, Nadine Favata ("Favata"), defendant's Nurse Manager at the time and plaintiff's direct supervisor, reported the incident to Rome Memorial's Human Resource Department.

In December 2010, after Welsh's return from medical leave, Favata presented him with a written warning regarding the September 22, 2010 incident and placed him on a plan of correction, which directed him to work on his communication skills, ensure his behavior adhered

to hospital standards and to build trust with his peers.  Id. at ¶ 15; Reply Declaration of Robert Whitaker Jr., dated May 24, 2016, Ex. I, at 7-13.  As part of the plan of correction, plaintiff obtained written statements from three coworkers regarding his progress and improvement.  See id.  From the time of his return to work in December 2010 until May 2011, plaintiff was counseled for five unauthorized absences.  See Pl.'s Rule 7.1 Statement, at ¶ 17.

In May 2011, Welsh requested an additional medical leave pursuant to the FMLA.  Id. at ¶ 11.  Rome Memorial alleges that although plaintiff had exhausted the maximum twelve (12) weeks of FMLA leave, the hospital allowed plaintiff an additional fourteen (14) consecutive weeks of unpaid leave.  Plaintiff's employment was terminated on August 16, 2011 when he failed to return to work.  Id. at ¶ 19.

Welsh alleges that in January 2012 he applied to be rehired by Rome Memorial by sliding an application under the door of the Human Resources office after hours.  Id. at ¶ 21.  However, the hospital contends that such application was neither received nor reviewed.  The parties agree that in May 2013, Welsh applied for a position with Rome Memorial.  Id. at ¶ 28. Defendant states that plaintiff's application was reviewed by Assistant Vice President of Human Resources, Regina Chambers ("Chambers").  Rome Memorial contends that Chambers reviewed plaintiff's prior performance and disciplinary issues and based on the September 22, 2010 incident and twelve instances of unauthorized absences or tardiness over two years, determined that plaintiff would not be rehired nor interviewed for the position.  See Affidavit of Regina Chambers, dated April 12, 2016, at ¶¶ 13 - 15.  Plaintiff asserts that the individuals thereafter hired were less qualified then him and did not have significant experience in the field.

Welsh filed a complaint with the New York State Division of Human Rights on June 14, 2013, which was cross filed with the Equal Employment Commission ("EEOC"), alleging that

plaintiff was wrongly denied employment in May 2013 because of his PTSD. <u>See</u> Pl.'s Rule 7.1 Statement, at ¶ 49. The EEOC issued a "Right to Sue Letter" to plaintiff on or about August 29, 2014.

## III. <u>DISCUSSION</u>

Rome Memorial argues that they are entitled to summary judgment because Welsh has failed to establish a prima facie case of disability discrimination or to show that its alleged legitimate, nondiscriminatory reason for not rehiring him was a pretext for discrimination. Alternatively, defendants argue that plaintiff has failed to provide evidence that he was disabled at the time of the alleged discrimination.

*A. <u>Summary Judgment Standard</u>.*

Summary judgment is appropriate where, construing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); <u>Richardson v. Selky</u>, 5 F.3d 616, 621 (2d Cir. 1993). "The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law." <u>Bowen v. National R.R. Passenger Corp.</u>, 363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005) (citing <u>Rodriquez v. City of New York</u>, 72 F.3d 1051, 1060-61 (2d Cir. 1995).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986). "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [their] pleading, but . . . must set forth specific facts showing that

there is a genuine issue for trial.'" Id. (quoting First Nat'l Bank of Ariz. v. Cities Svcs.Co., 391 U.S. 253, 288 (1968)).  Those specific facts must be supported by "citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).  Affidavits submitted to defeat summary judgment must be admissible themselves or must contain evidence that will be presented in an admissible form at trial.  See H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454–55 (2d Cir.1991) (stating that "hearsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in [a Rule 56] affidavit.").

Although discrimination claims may involve questions of intent that are ill-suited to resolution at the summary judgment stage, the Second Circuit has gone "out of [its] way to remind district courts that the 'impression that summary judgment is unavailable to defendants in discrimination cases is unsupportable.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting McLee v. Chrysler Corp., 38 F. 3d 67, 68 (2d Cir. 1994)).  "[T]rial courts should not treat discrimination differently from other ultimate questions of fact." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000).  Accordingly, "even in the discrimination context", a plaintiff must offer "more than conclusory allegations" to survive a motion for summary judgment.  Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010).

   *B. Discrimination under the Americans with Disabilities Act and Title VII.*

The ADA prohibits discrimination by covered entities against qualified individuals with a disability.  See 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of

employment."). A disability is defined in Title 42 of the United States Code as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). An impairment "substantially limits" a major life activity when it "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(ii).

Pursuant to Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e–2(a)(1).

Courts use the triparite burden shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), to analyze intentional discrimination claims under the ADA and Title VII. <u>See</u> <u>Ruiz v. County of Rockland</u>, 609 F.3d 486, 491 (2d Cir. 2010). The plaintiff bears the initial burden of establishing, by a preponderance of the evidence, a prima facie case of discrimination. <u>See</u> <u>Holcomb v. Iona College</u>, 521 F.3d 130, 138 (2d Cir. 2008). In the context of a discriminatory termination or failure to rehire, a plaintiff must show that "(1) membership in a protected class; (2) qualification for the position; (3) an adverse employment action; and (4) circumstances surrounding that action giving rise to an inference of discrimination." <u>Collins v. New York City Transit Auth.</u>, 305 F.3d 113, 118 (2d Cir. 2002).

If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged adverse employment decision or action. <u>See</u> <u>Luciano v. Olsten Corp.</u>, 110 F.3d 210, 215 (2d Cir. 1997). Once the defendant presents a legitimate, non-discriminatory reason, the burden returns to the

plaintiff "to demonstrate that [the] defendant's articulated reason for its decision is in fact a pretext for discrimination[.]" Id.

In the summary judgment context, this means plaintiff must "establish a genuine issue of material fact either through direct, statistical, or circumstantial evidence as to whether the employer's reason for discharging her is false and as to whether it is more likely that a discriminatory reason motivated the employer to make the adverse employment decision." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1225 (2d Cir. 1994). To avoid summary judgment, "the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors." Holcomb, 521 F.3d at 138. "[T]he mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action." Kelly v. Drexel University, 94 F.3d 102, 109 (3d Cir.1996).

C. *Plaintiff Has Submitted Sufficient Evidence of a Disability Under the ADA*.

Rome Memorial argues that while Welsh was diagnosed with PTSD in the summer of 2010, by approximately the end of 2011, his condition was under control and was not having an impact on any major life activity. Thus, it argues that when plaintiff applied for rehire in May 2013, he did not qualify as a person with a disability under the ADA.

Welsh disputes this characterization of his condition but only offers unauthenticated medical reports to support his position. However, given that the parties agree that plaintiff suffered from an impairment that had a substantial limitation on a major life activity, his ability to work as evidenced by his two FMLA leaves from Rome Memorial, plaintiff has presented

sufficient evidence in order to defeat a summary judgment motion that he would qualify as disabled under the ADA even if his condition subsequently improved.

### D. *ADA Discrimination Analysis*.

Plaintiff's disability discrimination claims only relate to Rome Memorial's decision in May 2013 not to interview or rehire plaintiff.[1]  The parties do not dispute that Welsh was qualified for employment or that he suffered an adverse employment action by not being rehired.  The dispute instead focuses on whether the circumstances surrounding the May 2013 decision not to rehire him was based upon legitimate, non-discriminatory reasons and whether such action gives rise to an inference of discrimination.  Rome Memorial contends that even assuming plaintiff can establish a prima facie case, the decision not to rehire him in May 2013 was pursuant to a legitimate, nondiscriminatory reason; to wit, his prior disciplinary issues including threatening to harm a physician and a history of tardiness and unauthorized absences.

### (i) *Prima Facie Case*.

"[P]laintiff's burden in establishing a prima facie case of unlawful [discrimination] under the *McDonnell Douglas* framework is de minimis."  Levitant v. Hilt N.Y. Waldorf LLC, 2012 WL 414515, at *4 (S.D.N.Y. Feb. 6, 2012).  To support his contention that the circumstances of failure to rehire him give rise to an inference of disability discrimination, Welsh notes that the individuals hired instead of plaintiff had much less experience than him and points to comments allegedly made by Favata which highlight animosity towards plaintiff on the basis of his disability. Given the de minimis standard used to evaluate such evidence, plaintiff has established a prima facie case.

---

[1]  Even if Welsh were challenging his August 2011 termination or the failure to rehire him in 2012 as being a result of impermissible discrimination, such claims would be time barred as plaintiff did not file a complaint with the New York State Division of Human Rights until June 17, 2013.  Any claim under ADA in New York must be brought within 300 days of alleged discriminatory act, otherwise it is time-barred and may not be basis for relief in federal district court.  See 42 U.S.C.A. § 12117(a).

*(ii) <u>Legitimate Non-Discriminatory Reason for Failure to Rehire</u>.*

Rome Memorial contends that it possessed a legitimate, non-discriminatory reason for choosing not to rehire Welsh in May 2013. They assert that Chambers reviewed his personnel file to determine if there were any performance or disciplinary issues that would disqualify plaintiff from rehire. After speaking with Nadine Favata and reviewing plaintiff's personnel file, Chambers concluded that the September 22, 2010 incident along with plaintiff's twelve unauthorized absences from 2009 to 2011 were too significant to consider rehiring him.

Reviewing the supporting affidavits and exhibits, Rome Memorial has met its burden of offering a legitimate, non-discriminatory reason for their adverse action against Welsh. In his affidavit, plaintiff does not dispute the unauthorized absences, rather, he attempts to provide justifications for such absences, including a new baby and the side effects of medication he was taking for his PTSD. <u>See</u> Affidavit of Geoffrey Welsh, dated May 5, 2016, at ¶¶ 17, 18, 32. While plaintiff minimizes the severity of the September 22, 2010 incident, in his deposition, plaintiff admits that his purpose in going to the hospital was to speak with the physician as he believed the physician was having an affair with his wife, that he was agitated and may have raised his voice and used vulgarity. <u>See</u> Declaration of Robert Whitaker, dated April 15, 2016, Ex. H, at 27-35. Plaintiff submitted the affidavit of coworker Debra Walter to counter that he did not threaten the physician in question, however, the affidavit states that he was upset and angry and had to be asked to leave the surgical suite. <u>See</u> Affidavit of Debra Walter, dated May 3, 2016, at 2. While plaintiff disputes the account, at least one of plaintiff's coworker present on September 22, 2010 perceived his actions as threatening and reported the matter to Favata, who after discussing the matter with those present, deemed it credible. <u>See</u> Affidavit of Nadine Favata, dated April 9, 2016, Ex. E.

Thus, Rome Hospital has presented legitimate, non-discriminatory reasons for not rehiring Welsh. In fact, even accepting plaintiff's version of the relevant events, it would be very rare for a company to rehire a former employee with such a past record.

(iii) *Lack of Pretext*.

As Rome Memorial has presented legitimate, non-discriminatory reasons for their decision not to rehire him, Welsh is required to present admissible evidence that defendant's stated reasons were merely a pretext for discrimination. To satisfy his burden at the summary judgment stage, plaintiff must present facts, which taken in his favor, suffice to show that a triable issue exists as to whether his disability was a motivating factor of defendant's failure to rehire him.

In support of his claim, Welsh points to several allegations which he believes evidence that defendant's proffered non-discriminatory reasons are simply a pretext for discrimination. These include that: (a) Rome Memorial hired individuals who were allegedly less qualified for the position then plaintiff, (b) defendant failed to address or respond to defendant's 2012 application, (c) Favata allegedly discussed Welsh's psychiatric illness, (d) Favata allegedly laughed when plaintiff reapplied for the position and (e) as part of the plan of correction, plaintiff was "forced" to divulge and apologize to coworkers for his PTSD.

However, reviewing the supporting affidavits and attached depositions, Welsh's allegations appear to be unsupported or do not evidence pretext on the part of defendant. First, plaintiff presents no reasoning as to how the hiring of a less qualified individuals or the hospital's alleged failure to respond to his January 2012 application evidences an inference of disability discrimination on the part of defendant as opposed to actions taken as a result of their legitimate, non-discriminatory reasons.

Second, Welsh submits an affidavit from coworker Bryan Trophia indicating that "as I recall there were accusations made by Nadine Favata that [plaintiff] was mentally unstable and

was talking to a psychiatrist." See Affidavit of Bryan Trophia, dated May 2, 2016, at 1. However, the affidavit does not indicate when and where such statement was made and is not clear that Trophia heard such statement directly from Favata or from another coworker. Such a vague assertion is insufficient to constitute admissible evidence of pretext. Further, plaintiff admits that neither Favata nor Russell Arant, the Director of Surgical Services and Favata's supervisor, ever said anything negative or derogatory towards plaintiff concerning his PTSD. See Whitaker Declaration, Ex. H, at 26.

Third, Welsh relies on the affidavit of co-worker Dalbert Cruz for evidence that Favata informed staff at Rome Memorial that Welsh had reapplied and proceeded to laugh. See Affidavit of Dalbert Cruz, dated April 28, 2016, at 2. However, the statement does not incorporate plaintiff's PTSD or show any discriminatory bias on the part of Favata. She may have just been amused that, with his past record and disturbances, he had the gall to reapply.

Next, Welsh alleges that he was forced to divulge and discuss his disability to coworkers as part of the December 2010 plan of correction. Review of the plan itself does not require plaintiff to take such action and plaintiff does not articulate the specifics of who directed him to do so or in what manner. See Whitaker Reply Declaration, Ex. I, at 7-13. In any event, this was over two years before he reapplied in 2013.

Lastly, Rome Memorial argues that even if there is admissible evidence of discriminatory intent by Favata, she did not make the decision to not rehire plaintiff in May 2013. Defendant contends that Chambers made such decision based upon her review of plaintiff's discipline and performance history and no evidence has been presented to suggest that Chambers harbored any discriminatory animus against plaintiff.

Therefore, Welsh has failed to bring forth sufficient evidence to demonstrate a material issue of fact concerning whether defendant's proposed legitimate, non-discriminatory reasons

were a pretext for disability discrimination.

     E. *Title VII Claim*.

Title VII protects employees from discrimination based on "race, color, religion, sex or national origin.", but "it does not protect an employee on the basis of disability." <u>Cody v. County of Nassua</u>, 345 Fed. Appx. 717, 718 (2d Cir. 2009); <u>see also</u> <u>Palmer v. New York State Office of Court Admin.</u>, 2010 WL 3724115, at *4 (N.D.N.Y. Sept. 15, 2010) (S.J. Scullin). Welsh has failed to allege that Rome Memorial discriminated against him on the basis of his race, color, religion, sex or national origin. As a result, his Title VII claim must fail as a matter of law.

## IV. CONCLUSION

The allegations raised in the submissions and the supporting affidavits and exhibits do not raise a genuine issue of material fact concerning whether defendants' legitimate, non-discriminatory reasons not to rehire Welsh in May 2013 was, in fact, a pretext for discrimination. As a result, plaintiff is unable to meet his burden under the <u>McDonnell Douglas</u> test and defendant's motion for summary judgment will be granted with regards to plaintiff's ADA claim. Additionally, plaintiff has failed to establish a prima facie claim of Title VII discrimination.

Therefore, it is ORDERED that:

(1) defendants' motion for summary judgment is **GRANTED**; and

(2) the complaint is **DISMISSED**.

The Clerk of the Court shall enter judgment accordingly and close this case.

IT IS SO ORDERED.

                                                      _____
Dated: November 8, 2016             United States District Judge
      Utica, New York